B. C. S. CORPORATION, Plaintiff, *v.* COLONIAL DISCOUNT COMPANY, INC., Defendant.

City Court of New York, New York County, July 28, 1938.

*Robert I. Rogin* [*Samuel R. Rudey* of counsel], for the plaintiff.

*David F. Sussman,* for the defendant.

COLEMAN, J. This is an action for conversion which calls for the construction of certain sections of the Uniform Trust Receipts Law (Pers. Prop. Law, art. 3-A, §§ 50 *et seq.*). Both plaintiff and

defendant are automobile finance companies. In January, 1937, plaintiff had advanced moneys to the Great Neck Studebaker, Inc., a retail automobile dealer, not a party to this action, to enable it to purchase four automobiles for resale, and received from it at the time of making the advance a trust receipt covering these automobiles. By this instrument, the automobile dealer, as trustee, agreed to hold the automobiles " in trust at its expense and risk for the purpose of displaying same and with the right to sell the same with the Entruster's [the plaintiff's] prior consent for the account of the Entruster, for not less than the amount stated in said Bill of Sale, but Entruster is entitled to possession of cars at any time." By the same instrument the " Trustee " further agreed as follows: " If sold, Trustee agrees not to co-mingle the proceeds with other funds but immediately deliver the same to Entruster or pay its stated value before releasing car to purchaser." A statement was duly filed by plaintiff with the Department of State with respect to this transaction with the dealer, which complies with the requirements of section 58-e of the Personal Property Law.

On June 11, 1937, the dealer sold one of the four automobiles to one Kraus. It received from Kraus a note for the purchase price of the automobile and a chattel mortgage securing the note, both of which documents were made by Kraus to the Great Neck Studebaker, Inc.

On June 12, 1937, for " new value," namely, the release of its security interest in certain other automobiles (§ 51, subd. 7), the defendant acquired from the Great Neck Studebaker, Inc., the note and chattel mortgage which Kraus had executed and delivered to the latter. However, on the preceding day, and before the sale to Kraus was consummated, plaintiff had informed defendant's credit man that plaintiff had " floor planned " the automobile which Kraus was then about to buy, and that it had a " wholesale investment " in it. Within a few days after the sale to Kraus, plaintiff made a demand upon the dealer that it account to plaintiff for the proceeds of that sale — that is, the Kraus note and mortgage. As the dealer had transferred the same to the defendant it could not comply with the demand. The defendant was then called upon by plaintiff to surrender the documents but refused to do so, whereupon plaintiff brought this action, relying upon the provisions of sections 58-a and 58-b, which enable it to follow the proceeds of the dealer's disposition of the automobile.

Defendant did not acquire, in the ordinary course of trade, the note and chattel mortgage given by the purchaser of the automobile to the dealer (§ 51, subd. 1). " Buyer in the ordinary

course of trade " can mean only the purchaser of the automobile from the dealer. The filing by the plaintiff of a certificate pursuant to section 58-e would, therefore, be effective to preserve, against defendant, plaintiff's security interest in the documents received by defendant, representing the proceeds of the sale by the dealer, unless defendant took them " in good faith and for value." (Cf. § 57, subd. 1, ¶ [a]; § 58-a, subd. 1, ¶¶ [a] and [b], and subd. 2, ¶ [b].)

Although the documents were acquired by defendant for value, they were not acquired in good faith. Defendant took the chattel mortgage and the note at the same time, by the same transaction. It took them after plaintiff had given notice to defendant of plaintiff's security interest in the automobile which they covered. As above stated, plaintiff had advised defendant that it had " floor planned " the automobile and had a " wholesale investment " therein. Defendant, which is in the same business as plaintiff, that of financing automobiles, both at wholesale and retail, must have understood this to mean that plaintiff had, if not the interest of an intruster, some security interest in the automobile. In these circumstances, there is an absence of the good faith necessary to overcome the effect of filing and to deprive the plaintiff of its interest in the proceeds of the sale of the automobile.

Presumptively, the value of the note and mortgage is the face amount. There is no evidence to overcome this presumption. The face amount of the note and mortgage exceeds plaintiff's security interest therein, which is $1,043.96. Under section 58-b plaintiff was entitled to the note and mortgage, so that by the defendant's refusal to surrender them to plaintiff on demand plaintiff was damaged to the extent of its interest in the documents, and may recover at law without the necessity of resorting to equity to compel an accounting or to impress a trust. (Cf. § 51, subd. 14.)

Judgment for the plaintiff for $1,043.96, with interest from June 19, 1937. Ten days' stay, sixty days to make a case.